SAMUEL. BENEDICT MEMORIAL SCHOOL *et al. v.* BRADFORD, and *vice versa.*

SIMMONS, C. J.  1. The authorities of a public school have full power to make it a part of the school course to write compositions and enter into debates, and to prescribe that all pupils shall participate therein.

51

2. ·Whether a particular subject given by such authorities for composition or debate is suited to the age and advancement of the pupil is a question for determination by such authorities, and not by the courts.   See *Board of Education* v. *Purse*, 101 *Ga.* 422, and cases cited.

3. Where a pupil who has been instructed to prepare a paper on such a subject does not do so, but reads a paper prepared by her father and containing expressions which are improper and disrespectful to the teacher, the offense is twofold; and although the school authorities may excuse and condone the preparation by the father of the paper actually read and also its reading by the pupil, the latter may still be punished for her failure to herself prepare a paper in compliance with instructions.   If the punishment imposed be the preparation of a paper on the same subject at a later date, and the pupil refuse to prepare it, such pupil may be disciplined by expulsion or suspension or other proper punishment.

*Judgment, on main bill of exceptions, reversed; on cross-bill, affirmed.   All the Justices concurring.*

Argued July 25, — Decided August 8, 1900.

Injunction.   Before Judge Janes.   Polk superior court.   April 20, 1900.

The plaintiff's daughter, thirteen years of age, attended the school of the defendant corporation, which is a participant of the public-school fund of Polk county.   The teachers had a system of assigning subjects to be debated by the pupils on Friday afternoons, which exercises were participated in by the plaintiff's daughter until the subject, "Should trial by jury be abolished?" was assigned for the next debate.   Upon being so informed, her father told her that the subject was too difficult and was unsuited to a child of her age and information, and directed her to request of her teacher to be excused from taking part therein.   The request was refused; and when the child was called upon for the reading of her paper, she read a paper prepared by her father, which was in the nature of a burlesque and in some degree ridiculed the teacher who had selected the subject.   The pupil was thereupon required to apologize to this teacher, and did so.   The plaintiff also wrote a note of apology to the teacher, acknowledging his error, etc.; and these apologies were accepted.   The pupil was told, however, that she must prepare a paper on the subject given, which, by direction of her father, she declined to do; whereupon she was informed that, unless she did so, she would have to hunt another school, and that she would not be called on for any recitations until she had prepared such paper.   This petition was brought to restrain

the school authorities from expelling the plaintiff's daughter, and from depriving her of the benefits of the school in the manner stated. The judgment granting the injunction was put solely upon the ground that, the child having committed no offense save by direction of her father, and the apologies having been accepted as full atonement therefor, according to the evidence, there should be no infliction of punishment by requiring her to prepare the paper. The decision of the trial judge substantially upholds the contentions of the defendants in other respects. They excepted to the grant of the injunction. In a cross-bill of exceptions the plaintiff contended, that the parent had the right to select or choose what study or course of study his child should pursue; that the requirement made of the child was unreasonable; and that the exercise of debate was not a part of the prescribed course of study of the school.

*Blance, Irwin & Wright*, for the school.
*Sanders & Davis*, contra.